Rockingham,
No. 5465.

LEROY S. DUBE *& a.* v. FRANK K. SENTER *& a.*

Argued April 6, 1966.
Decided April 29, 1966.

*Boynton, Waldron & Dill* ( *Mr. Wyman P. Boynton* orally ), for the plaintiff selectmen.

*Flynn, Powell & McGuirk* ( *Mr. Russell H. McGuirk* orally ), for the board of adjustment.

*Andernacht & Daubenspeck* ( by brief ), for the individual defendants.

DUNCAN, J. In support of their appeal, the selectmen argue that the conveyance out of a larger tract of the lot fronting on Greenough Street, followed by conveyance of a second lot behind it to the defendant John E. Senter was a "subdivision" of

land within the meaning of the regulations of the Plaistow planning board governing subdivision ( RSA 36:19 - 25 ) and therefore a violation of the regulations because no subdivision was approved by the planning board as thereby required. The plaintiffs further maintain that the board of adjustment has no power "to grant a variance in a subdivision of land without referring the question to the planning board."

On August 12, 1959 the defendants Frank K. and Helen P. Senter were the owners of a 56 - acre tract on Greenough Street, and on that date they conveyed to a brother of the defendant John E. Senter a lot of land with frontage of 193 feet on Greenough Street, "together with the right to use a 27-foot wide right of way adjoining [the premises] in common with others entitled thereto for all the usual purposes of a road." On June 24, 1964 the same grantors conveyed to the defendant John E. Senter, the lot of land to the rear of the lot first conveyed, granting to him the right to use the 27-foot right of way extending to Greenough Street.

The common grantors, the defendants Frank K. and Helen P. Senter, sought no approval of any subdivision under the regulations of the planning board. These regulations provide "Subdivision shall mean the division of a tract or parcel . . . into two or more lots for the purpose . . . of sale or building development, and requiring . . . the creation of one or more new streets, or the extension of existing streets . . . . " Regulations, s. II B. "Street" according to section II D of the regulations "means and includes street, avenue . . . road . . . and other way exclusive of driveways serving not more than two adjacent lots." So far as appears the right of way, the right to use which was conveyed to the defendant John E. Senter, serves only his lot and the adjoining lot on Greenough Street. Hence it is not a "street" within the meaning of the regulations. On these facts, it could reasonably be found, as the zoning board of adjustment did find, that the only street involved was the public way of Greenough Street, and that because of the right of way, the conveyance to John E. Senter "required no extension" of the public street, and that it would require no creation of a new "street" as defined by the regulations. S. II D, *supra*.

The authority of the zoning board of adjustment to take the action which it did is clearly vested in it by RSA 36:26. This

section provides that after a planning board has been granted platting jurisdiction, no building permit shall be issued unless the street giving access to the lot shall have been accepted, or corresponds with a street shown on the official map approved by the planning board. The section provides further, however: "Wherever the enforcement of the provisions of this section would entail practical difficulty or unnecessary hardship, and where the circumstances of the case do not require the building . . . to be related to existing or proposed streets, the applicant for such permit may appeal from the decision of the administrative officer having charge of the issue of permits to the board of adjustment . . . In passing on such appeal the board . . . may make any reasonable exception and shall have the power to authorize or issue a permit . . . where the issuance of the permit would not tend to distort the official map or increase the difficulty of carrying out the master plan upon which it is based."

The record fails to establish that the action of the zoning board transcended its statutory authority. However should the defendants Frank K. and Helen P. Senter seek to establish another lot or lots depending upon the same right of way for access to the public street, compliance with the subdivision regulations would be, a prerequisite.

*Petition dismissed.*

All concurred.